Christopher J. Reichman  SBN 250485
PRATO & REICHMAN, APC
8555 Aero Drive, Suite 303
San Diego, CA 92123
Telephone: 619-683-7971
Facsimile:  619-241-8309

Attorney for Plaintiff
PAUL SAPAN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| PAUL SAPAN,<br><br>          Plaintiff,<br>     vs.<br><br>NATIONAL DEBT RELIEF GROUP, INC., a New York Corporation, TOM LEYDIKER, an individual, and DANIEL TILIPMAN, an individual, | Case No.:<br><br>**COMPLAINT FOR DAMAGES, INCLUDING PUNITIVE DAMAGES, INTEREST AND ATTORNEY'S FEES, AND FOR INJUNCTIVE RELIEF**<br><br>**Violation(s) of Telephone Consumer Protection Act of 1991**<br>**Trespass to Chattel**<br>**Unfair Business Practices** |

COMES NOW Plaintiff PAUL SAPAN (hereinafter referred to as

"Plaintiff") who alleges as follows:

/ / /

/ / /

## JURISDICTIONAL ALLEGATIONS

1.      Plaintiff at all times herein mentioned was a resident of the County of Los Angeles, but has recently moved to the County of Orange, State of California.

2.      Defendant National Debt Relief Group, Inc. is, and at all times herein mentioned was, a New York company, doing business in Los Angeles, California.

3.      Defendant Tom Leydiker is, and at all times herein mentioned was, an individual residing in New York and doing business in Los Angeles, California.

4.      Defendant Daniel Tilipman is, and at all times herein mentioned was, an individual residing in New York and doing business in Los Angeles, California.

5.      This case is filed pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 et. seq.  The U.S. Supreme Court recently decided that federal courts have federal question subject matter jurisdiction over such civil actions under 28 U.S.C. §§ 1331 and 1441.  *Mims v. Arrow Fin. Services,* 132 S.Ct. 740, 753 (2012).  The state law claim herein arises out of a common nucleus of operative facts and is subject to supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6.      At all times herein mentioned each defendant was the partner, agent and employee of each co-defendant herein and was at all times acting within the scope of such partnership, agency and employment and each defendant ratified the conduct of each co-defendant herein.

# **FACTUAL SUMMARY**

7.     On June 2, 2011 at 10:16am, Defendants called PAUL SAPAN at his home phone number (310-444-1999) using the Caller ID number 818-579-7694.

8.     When Mr. Sapan answered this call, the caller first identified himself as "Rob Thomas of National Financial Group" and began a sales pitch regarding debt relief services.

9.     Mr. Sapan suspected this was a false name and began asking a questions about the service, whereupon the caller sayed he would connect MR. Sapan with another representative.

10.     The call was transferred to someone identifying himself as "Vlad" from "National Relief" who again tried to pitch debt relief services to Mr. Sapan.

11.     Mr. Sapan told him he was not interested and hung up.

12.     Mr. Sapan received additional calls from Defendants on the following dates and times and using the following Caller ID ("CID") numbers:

- June 2, 2011 at 10:27am, CID 347-254-7550
- July 15, 2011 at 12:31pm, CID 052560614
- July 15, 2011 at 12:41, CID 347-254-7550
- July 15, 2011 at 12:41pm, CID 052560614
- July 15, 1011 at 12:42pm, CID 052560614

13.     The June 2nd call and second call on July 15th both went to voicemail where "Vlad" left messages about debt relief services.

/ / /

Complaint

14.     Mr. Sapan answered first call on June 15th and each time "Vlad" of "National Relief" again tried to pitch him debt relief services.

15.     Mr. Sapan did not answer the last two calls on June 15th, though they used the same CID as one of the first call on June 15th.

16.     Mr. Sapan alleges on information and belief that these last two calls were made by Defendants similarly trying to pitch debt relief services.

17.     The calls complained of above used false Caller ID information since the North American Numbering Plan does not use area codes starting in "0".

18.     Using falsified Caller ID is illegal, though this prohibition carries no private right of action for affected individuals such as the telesolicitation causes of action detailed below.  See, 47 C.F.R. § 64.1601(e).

19.     Defendants Tom Leydiker and Daniel Tilipman are the Chairman and CEO and sole officers or directors of the Defendant National Debt Relief Group, Inc.

20.     Plaintiff pleads on information and belief that Defendants Tom Leydiker and Daniel Tilipman ordered, authorized, and had substantial involvement in causing the calls complained of to be transmitted to Mr. Sapan.

21.     Mr. Sapan's home phone has been listed on the federal "Do Not Call" registry maintained by the Federal Trade Commission from December 23, 2007 to the present.

22.    Mr. Sapan has been harmed by the junk calls complained of herein by the direct waste of his time during the calls themselves, the indirect waste of time in having to break from other important tasks and spend time catching up after these junk calls, the waste of telephone service which he and not Defendants must pay for, the costs of having to pursue legal remedies, and in the aggravation and consequent health effects of stress these illegal intrusions have caused.

## FIRST CAUSE OF ACTION
[Violation of Telephone Consumer Protection Act of 1991]

23.    Plaintiff realleges all paragraphs above and incorporates them herein by reference.

24.    Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

25.    Subdivision (c) (2) of Section 64.1200 of Title 47 of the Code of Federal Regulations makes it unlawful for any person to "initiate any telephone solicitation" to "A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations".

26.    At all times relevant to this complaint, Plaintiff had registered his residential telephone number on the national do-not-call registry maintained by the U.S. Government.

Complaint

27.   Defendants have called Plaintiff's residential telephone line for solicitation purposes during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658.  These calls are the only calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendant has made many more violative calls to Plaintiff's residential telephone line.  These calls were not made in error, nor did Defendant have express permission from Plaintiff to call, nor did Defendant have a personal relationship with Plaintiff.  37 C.F.R. § 64.1200 (c) (i), (ii), & (iii).

28.   Subdivision (c)(5) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations the national do-not-call registry rules promulgated thereunder.  Plaintiff may obtain relief in the form of injunctive relief, or Plaintiff may recover $500.00 for each violation, or both.  If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.

## SECOND CAUSE OF ACTION
[Trespass to Chattel]

29.   Plaintiff realleges all paragraphs above and incorporates them herein by reference.

30.   The conduct by defendants complained of herein, namely illegally calling Plaintiff's phone, constitutes an electronic trespass to chattel.

31.   At no time did Plaintiff consent to this trespass.

32.   As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof, but no less than 2% of his monthly phone bill in July 2011 since Defendants calls constituted 2% or more of the total calls to his phone in the two months at the height of their junk calling campaign.

33.   In making the illegal calls described above, defendants were guilty of oppression and malice, in that defendants made said calls with the intent to vex, injure, or annoy Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff therefore seeks an award of punitive damages.

## THIRD CAUSE OF ACTION
[Engaging in Unfair Business Practices]

34.   Plaintiff realleges all paragraphs above and incorporates them herein by reference.

35.   Because these telephone calls violate federal statutes, they are unlawful business practices within the meaning of section 17200 of the Business and Professions Code.

36.   Section 17203 of the Business and Professions Code entitles Plaintiff to an injunction enjoining defendants from engaging in unfair or unlawful business practices.

/ / /

WHEREFORE Plaintiff prays for judgment against defendants, and each of them, as follows:

On the FIRST CAUSE OF ACTION:

    1.    For an award of $500.00 for each violation of 47 C.F.R. §64.1200 (c) (2);

    2.    For an award of $1,500.00 for each such violation found to have been willful;

On the SECOND CAUSE OF ACTION:

    3.    For compensatory damages according to proof;

    4.    For punitive damages;

On the THIRD CAUSE OF ACTION:

    5.    For preliminary and permanent injunctions, enjoining Defendants, and each of them, from engaging in unfair or unlawful business practices pursuant to section 17203 of the Business and Professions Code;

On ALL CAUSES OF ACTION:

    6.    For attorney's fees pursuant to California Code of Civil Procedure § 1021.5.

    7.    For costs of suit herein incurred; and

    8.    For such further relief as the Court deems proper.

DATED: January 29, 2015        **PRATO & REICHMAN, APC**

/s/Christopher J. Reichman, Esq.
By: Christopher J. Reichman, Esq.
**Prato & Reichman, APC**
Attorneys for Plaintiff
PAUL SAPAN

Complaint